UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVA STRANGE,<br><br>              Plaintiff,<br>vs.<br><br>NEVADA PROPERTY 1 LLC, d/b/a THE COSMOPOLITAN OF LAS VEGAS, DOES 1–20; ROE CORPORATIONS 1-20 inclusive,<br><br>              Defendants. | Case No. 2:23-cv-1012-ART-EJY<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 24) |

Plaintiff Melva Strange brings this action against Defendant Nevada Property 1 LLC, doing business as The Cosmopolitan of Las Vegas ("The Cosmopolitan") for injuries that she suffered when she allegedly tripped over a metal bolt sticking out of the ground while walking to her car in the parking lot of The Cosmopolitan. Plaintiff brought claims for negligence and vicarious liability against Defendant in the Eighth Judicial District Court, Clark County, State of Nevada. (ECF No. 1-9.) Defendant Cosmopolitan removed the action to this Court. (ECF No. 1.) Defendant then filed a motion for summary judgment on the statute of repose, arguing that NRS 11.202 bars Plaintiff's claims. (ECF No. 24.) Plaintiff filed an opposition and Defendant filed a reply. (ECF Nos. 28, 29.)

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

**I.     BACKGROUND**

On December 22, 2021, was a patron at The Cosmopolitan. Plaintiff alleges that she was injured when she tripped and fell over a bolt sticking out of the ground in the parking lot of The Cosmopolitan while walking to her vehicle. (ECF Nos. 1-9 at 4; 24-2 at 2.) The bolt in question secures the metal base plate of a

1

large yellow "bollard" to the ground and sticks up approximately two inches from the ground. (ECF Nos. 24-2 at 2, 8; 24-7 at 3.) The parking lot of The Cosmopolitan was originally constructed in 2011. (ECF No. 24-4.) The bollard identified by Plaintiff was put in place as a part of the original 2011 construction. (ECF No. 24-5 at 8.)

## II.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

## III. ANALYSIS

NRS 11.202 is Nevada's statute of repose. It provides immunity to owners and occupiers of real property for injuries caused by defects occurring 10 or more years after the substantial completion of the project:

> 1. No action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property more than 10 years after the substantial completion of such an improvement, for the recovery of damages for:
> (a) Except as otherwise provided in subsection 2, any deficiency in the design, planning, supervision or observation of construction or the construction of such an improvement;
> (b) Injury to real or personal property caused by any such deficiency; or
> (c) Injury to or the wrongful death of a person caused by any such deficiency.

NRS 11.202.

Defendant argues that Plaintiff's claims are barred by the statute of repose because the bolt she allegedly tripped over was put in place as part of the original 2011 construction, and thus over 10 years have passed. Plaintiff agrees that the statute of repose bars her from bringing a claim for construction or design defect in this instance. However, she argues that she is not alleging that the original design or construction of the bollard base was defective. Rather, her negligence claim is premised on the theory that the bollard base creates a hazardous condition, and that Defendant failed to make safe, warn, or maintain the bollard.

In *Davenport v. Comstock Hills-Reno,* 46 P.3d 62 (Nev. 2002), the Nevada Supreme Court addressed the issue of what types of actions Nevada's statute of repose bars.[1] The plaintiff in *Davenport* had tripped on the edge of a retaining

---

[1] While *Davenport* analyzed an earlier version of Nevada's statute of repose, the language the court relied upon in its analysis has not changed.

3

1   wall, falling into a parking lot below the wall. *Id.* at 63. She alleged that the owner
2   of the property "acted negligently by failing to design, build, and maintain a
3   reasonably safe retaining wall and by failing to warn her of the hazard." *Id.* The
4   district court granted summary judgment for the defendant, finding that all of
5   the plaintiff's claims were barred by the statute of repose. *Id.* The Nevada
6   Supreme Court reversed, holding that the statute of repose did not bar the
7   plaintiff's claims for negligent maintenance and failure to warn. *Id.* at 65-66. The
8   court stated:

> The phrasing . . . indicates the legislature's intent to qualify the functions that the statutes are concerned with, namely, functions that have to do with designing, planning, and constructing, or supervising or observing the same, in a word—creating—the improvement. Nothing in the statutes' language indicates that their protection extends to functions performed after the improvement in question has been completed, such as maintenance.

15  *Id.* at 65. Speaking to the purpose of the statute of repose, to "shield those
16  involved in creating improvements from actions grounded in design or
17  construction defect," the court held that this policy "does not apply to those that
18  retain control of the improvement and thus have the power—and therefore a
19  duty—to keep it free of hazards." *Id. Davenport* thus makes clear that while the
20  statute of repose does bar claims based on a design or construction defect theory
21  after ten years, it does not bar claims for negligent maintenance or for failure to
22  make safe or warn of a hazard. *See id.*

23      Defendant's reliance on the Nevada Supreme Court's unpublished
24  disposition in *Kaplan v. County of Washoe*, 464 P.3d 127 (Nev. 2020), is
25  unpersuasive. In *Kaplan*, the plaintiff brought suit alleging that defendant had
26  negligently inspected and approved the building of a cell tower, which he later
27  discovered encroached on his easement. *Id.* at *1. Plaintiff argued that although
28  his claim for negligent inspection was barred by the statutes of response, his

4

1  allegation that the defendant had been continuously negligent in failing to act
2  once it learned of the encroachment was not. *Id*. The Nevada Supreme Court
3  disagreed, holding that Kaplan's argument was unpersuasive because "if a
4  plaintiff could simply reframe a construction-defect claim as one for continuing
5  negligence based on the defendant's failure to act to correct the defect, such a
6  plaintiff could always revive a time-barred claim, thereby rendering the statutes
7  of repose meaningless." *Id*. The court went on to explain that Kaplan's complaint
8  had not sufficiently alleged the breach of a duty by defendants other than the
9  negligent inspection, and therefore had failed to give defendants fair notice of any
10 independent claim for continuing negligence. *Id*. *Kaplan* stands for the
11 proposition that a plaintiff may not recast claims involving a breach of duty
12 related to design or construction as "continuing negligence." *Id*. However, the
13 court's analysis also indicates that a plaintiff is not barred from bring an
14 independent claim for negligence, based on breach of a separate duty of care. *See*
15 *id*. The plaintiff in *Kaplan* simply failed to do so. *See id*.

16  Here, Plaintiff's complaint alleges a simple negligence claim: she alleges
17 that Defendant failed to inspect and maintain the premises, to warn her of the
18 danger, to use reasonable means to avoid the hazard, and to
19 instruct/train/supervise employees to prevent dangerous conditions. (ECF No.
20 1-9 at 6.) NRS 11.202 indeed does bar Plaintiff from bringing her negligence claim
21 under a theory that the bollard base was negligently designed. However, under
22 *Davenport*, the statute of repose does not bar her from bringing a negligence claim
23 under a theory of negligent maintenance or failure to warn or make safe. *See* 46
24 P.3d at 63.

25  At oral argument, counsel for Plaintiff conceded that there is insufficient
26 evidence to maintain a claim for negligent maintenance. The Court will therefore
27 grant summary judgment to Defendant as to negligence claims (1) under a design
28 or construction defect theory and (2) under a theory of negligent maintenance.

The Court denies summary judgment as to Plaintiff's negligence claim under a failure to warn or make safe theory.

### IV. CONCLUSION

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 24) is GRANTED IN PART and DENIED IN PART in accordance with this order.

Dated this 15th day of April 2025.

---
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE